**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
**WHITE PLAINS DIVISION**

-------------------------------------------------------------------X

JUAN PENA,

                    Plaintiff,

      -against-

ISLAND AUTOMALL, LLC d/b/a EASTCHESTER
CERTIFIED MOTORS, and JOHN P. FRANTZIS,

                 Defendants.

-------------------------------------------------------------------X

**Case No.: 7:26-cv-_____**

**COMPLAINT WITH DEMAND**
**FOR JURY TRIAL**

      Plaintiff Juan Pena ("Plaintiff"), by and through his attorneys, Sage Legal LLC, upon personal knowledge as to himself and upon information and belief as to all other matters, brings this action against Defendants Island Automall, LLC d/b/a Eastchester Certified Motors ("Eastchester Certified Motors," the "Dealership," or the Corporate Defendant) and John P. Frantzis ("Frantzis" or the "Individual Defendants") (collectively, "Defendants"), and alleges as follows:

**NATURE OF THE ACTION**

1. This is an action to recover unpaid minimum wages and overtime compensation under the New York Labor Law ("NYLL"), N.Y. Lab. Law §§ 650 *et seq.*, and to redress Defendants' retaliation against Plaintiff for repeatedly complaining about unlawful wage practices, in violation of the anti-retaliation provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 215(a)(3), and NYLL § 215.

2. Plaintiff worked for Defendants as an automobile salesperson from approximately March 3, 2024 through August 2, 2024 at Defendants' dealership in Eastchester, New York.

3. Plaintiff regularly worked more than forty (40) hours per workweek. Although automobile salespersons may be exempt from the FLSA's overtime provision under 29 U.S.C. § 213(b)(10)(A), New York law required Defendants to pay Plaintiff at least the New York minimum wage for the first forty hours in each workweek and, for hours over forty (40), one and one-half (1.5) times the basic minimum hourly rate. See 12 N.Y.C.R.R. § 142-2.2.

4. Defendants did not satisfy those requirements in multiple workweeks. Based on the records presently available and after crediting the compensation reflected in Defendants' payroll records, Plaintiff was underpaid, exclusive of liquidated damages, prejudgment interest, attorneys' fees, and costs. The precise amount will be established through discovery.

5. Plaintiff complained to Defendants about the underpayment of his wages in or about April, June, and July 2024. Defendants knew that Plaintiff was asserting rights protected by federal and state wage-and-hour law.

6. Shortly after Plaintiff's latest complaints, and while Plaintiff was attempting to return from a scheduled vacation after severe weather disrupted his travel, Defendants suspended and then terminated him or refused to reinstate him. Defendants' stated reason was pretextual; the termination was motivated, at least in part, by Plaintiff's repeated wage complaints.

7. Plaintiff seeks unpaid statutory wages, liquidated damages, prejudgment and post-judgment interest, lost compensation, reinstatement or front pay, compensatory and other damages available for retaliation, reasonable attorneys' fees and costs, and all other appropriate legal and equitable relief.

## JURISDICTION AND VENUE

8. This Court has original subject-matter jurisdiction over Plaintiff's FLSA retaliation claim pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

9. This Court has supplemental jurisdiction over Plaintiff's NYLL claims pursuant to 28 U.S.C. § 1367 because those claims arise from the same common nucleus of operative facts as Plaintiff's federal claim.

10. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b)(1) and (2) because Defendants reside in this District for venue purposes, as Eastchester Certified Motors maintains its principal place of business in this District, and a substantial part of the events and omissions giving rise to Plaintiff's claims occurred in Westchester County, New York.

11. Assignment to the White Plains courthouse is appropriate because the operative events occurred and Defendants' principal place of business is located in Westchester County.

12. This Court has personal jurisdiction over Defendants because they reside in, transact business in, employ workers in, and committed the unlawful acts alleged herein within the State of New York and this District.

13. At all relevant times, the Dealership was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §§ 203(r) and 203(s). Upon information and belief, its annual gross volume of sales made or business done was at least $500,000.

14. Defendants operated an automobile dealership that purchased, advertised, financed, sold, and serviced automobiles, parts, supplies, and other goods that originated outside New York or previously moved through interstate commerce. Defendants and their employees also regularly used interstate instrumentalities, including telephones, electronic mail, internet platforms, credit-card networks, financing systems, and banking systems.

15. Plaintiff also personally engaged in commerce within the meaning of the FLSA by, among other things, communicating with out-of-state customers and vendors, using interstate telephone, internet, credit, financing, and banking systems, and handling vehicles and materials that moved in interstate commerce.

16. At all relevant times, Plaintiff was an "employee" within the meaning of 29 U.S.C. § 203(e) and the NYLL.

17. At all relevant times, each Defendant was an "employer" within the meaning of 29 U.S.C. § 203(d) and the NYLL.

**PARTIES**

18. Plaintiff Juan Pena is an adult individual and a resident of the State of New York.

19. Defendant Island Automall, LLC is a New York limited liability company that does business under the assumed name Eastchester Certified Motors and maintains its principal place of business at 541 White Plains Road, Eastchester, New York 10709.

20. At all relevant times, the Dealership employed Plaintiff at its Eastchester dealership and was responsible for establishing and administering the compensation, timekeeping, scheduling, discipline, and termination practices challenged in this action.

21. Defendant Frantzis is, upon information and belief, the Dealership's president and a principal officer who exercised operational control over the Dealership and Plaintiff's employment.

22. Upon information and belief, Frantzis possessed and exercised the authority to hire and fire employees, determine or influence rates and methods of compensation, establish work schedules and conditions, maintain employment and payroll records, and direct the Dealership's day-to-day operations.

4

23. Frantzis knew of Plaintiff's wage complaints and participated in, approved, directed, or ratified the decisions concerning Plaintiff's compensation, suspension, termination, and/or Defendants' refusal to reinstate him.

24. The Dealership and Frantzis acted directly and indirectly in the interest of an employer in relation to Plaintiff and jointly employed Plaintiff. They are jointly and severally liable for the violations alleged herein.

## FACTUAL ALLEGATIONS

### A. Plaintiff's Employment and Compensation

25. Plaintiff began working for Defendants on or about March 3, 2024 as an automobile salesperson.

26. Plaintiff's primary duties included communicating with prospective customers, presenting and demonstrating vehicles, negotiating sales, assisting with financing and transaction documents, and completing other tasks necessary to sell automobiles to ultimate purchasers.

27. Defendants controlled Plaintiff's work location, schedule, assignments, compensation, timekeeping, and continued employment.

28. Plaintiff was compensated through a base salary, draw, commissions, and/or other payments. His base compensation was approximately $400.00 per week, with commissions and other payments varying by pay period.

29. Plaintiff was a non-residential employee and frequently worked more than forty hours in a workweek. The records presently available reflect workweeks of approximately forty-three to fifty-nine hours and numerous weeks in which Plaintiff worked overtime.

30. During 2024, the statutory minimum wage in Westchester County was $16.00 per hour. N.Y. Lab. Law § 652(1-a)(b).

31. Accordingly, Defendants were required to pay Plaintiff at least $16.00 per hour for his first forty hours in each workweek.

32. For hours over forty, New York law required Defendants to pay Plaintiff at least one and one-half times the basic minimum hourly rate, or $24.00 per overtime hour. See 12 N.Y.C.R.R. § 142-2.2.

33. Critically, the FLSA exemption for certain automobile salespersons from federal overtime requirements does not eliminate the separate New York overtime obligation imposed by 12 N.Y.C.R.R. § 142-2.2.

34. Defendants knew the number of hours Plaintiff worked because they scheduled his work, observed and directed his activities, required or permitted him to work those hours, and maintained timekeeping and payroll records reflecting his hours and compensation.

35. Nevertheless, Defendants failed to ensure that Plaintiff received the minimum wage and New York overtime compensation due in every workweek.

36. For example, the presently available records reflect that during the workweek ending March 17, 2024, Plaintiff worked approximately fifty (50) hours, was entitled to at least $880.00 in statutory wages, and received $721.16, resulting in a shortfall of approximately $158.84.

37. As another example, during the workweek ending May 5, 2024, Plaintiff worked approximately fifty-one (51) hours, was entitled to at least $904.00 in statutory wages, and received $640.00, resulting in a shortfall of approximately $264.00.

38. As a third example, during the workweek ending May 26, 2024, Plaintiff worked approximately forty-four (44) hours, was entitled to at least $736.00 in statutory wages, and received $701.95, resulting in a shortfall of approximately $34.05.

39. As for an example of a minimum wage violation, during the workweek ending July 28, 2024, Plaintiff worked approximately forty (40) hours, was entitled to at least $640.00 in statutory wages, and received approximately $527.90, resulting in a shortfall of approximately $112.10.

40. Defendants' records reflect additional compensation shortfalls which discovery will elucidate.

41. Plaintiff pleads these amounts based on records currently available. Defendants possess the complete time, commission, payroll, sales, and personnel records necessary to determine the full amount due.

### B. Plaintiff's Protected Wage Complaints

42. Plaintiff recognized that he was not being fully compensated for all hours worked, including for overtime compensation for hours worked in excess of over forty (40) hours a week, and that his compensation fell below the amounts required by applicable wage law in certain workweeks.

43. In or about April 2024, Plaintiff complained directly to Defendants and/or their managers that he was not receiving all wages due for the hours he worked and requested that the problem be corrected.

44. When Defendants failed to correct the problem, Plaintiff renewed his wage complaints in or about June 2024.

45. Plaintiff complained again in or about July 2024, shortly before his termination.

46. Plaintiff's complaints concerned unpaid wages, minimum wages, and overtime compensation and asserted rights that Plaintiff reasonably and in good faith believed were protected by the FLSA and the NYLL.

47. Plaintiff's complaints were sufficiently clear and detailed, in light of their content and context, to put Defendants on notice that he was asserting statutory wage-and-hour rights and seeking correction of compensation practices he believed unlawful.

48. Defendants, including Frantzis, knew of Plaintiff's protected complaints.

49. Despite Plaintiff's repeated complaints and Defendants' access to the pertinent time and payroll records, Defendants failed to make Plaintiff whole and continued to underpay him in later workweeks.

50. Defendants' failure to investigate and correct the wage deficiencies after repeated notice demonstrates that the wage violations were willful and were not the product of a good-faith effort to comply with the law.

### C. Defendants' Retaliation and Plaintiff's Termination

51. Plaintiff had a scheduled vacation beginning on or about July 26, 2024, during which he traveled to Puerto Rico, which was approved by Defendants in advance.

52. Severe weather conditions disrupted Plaintiff's return travel and prevented him from returning to work at the originally anticipated time.

53. Plaintiff promptly notified Defendants of the travel disruption and his inability to return as scheduled.

54. On or about August 2, 2024, Defendants informed Plaintiff that he was suspended and thereafter terminated his employment and/or refused to permit him to return to his position, notwithstanding the impossibility of his returning as originally scheduled.

55. Defendants asserted that Plaintiff was being disciplined or discharged because he did not return from vacation on time notwithstanding the foregoing valid explanation.

56. That explanation was pretextual. Plaintiff had notified Defendants of an unavoidable weather-related disruption, and the termination followed closely after his repeated wage complaints, including his complaint in July 2024.

57. The sequence of events, temporal proximity, Defendants' knowledge of the protected complaints, their failure to correct known wage deficiencies, and their disproportionate response to an unavoidable travel disruption support a strong inference of retaliatory intent.

58. Plaintiff's wage complaints were a motivating and but-for cause of Defendants' decision to suspend, terminate, and/or refuse to reinstate him.

59. Defendants knew or showed reckless disregard for whether terminating an employee because he complained about unpaid wages and overtime violated the FLSA and the NYLL. Their retaliation was willful.

60. As a direct and proximate result of Defendants' retaliation, Plaintiff has suffered lost wages and benefits, loss of employment opportunities, emotional distress, humiliation, inconvenience, and other economic and non-economic harm.

**COUNT I**
**FLSA & NYLL MINIMUM-WAGE VIOLATIONS**
**(29 U.S.C. § 206, N.Y. Lab. Law §§ 650 *et seq.* and 663)**

61. Plaintiff repeats and realleges each preceding allegation as though fully set forth herein.

62. At all relevant times, Plaintiff was an employee covered by the FLSA and Article 19 of the NYLL, and Defendants were employers subject to the FLSA and NYLL.

63. Defendants were required to pay Plaintiff at least the applicable New York minimum wage for each hour worked.

64. In at least one workweek, Defendants paid Plaintiff less than the minimum wage required for his first forty (40) hours of work.

65. Defendants' minimum-wage underpayment was willful and was not based on a good-faith belief that their compensation practices complied with the law.

66. Pursuant to 29 U.S.C. § 216 and N.Y. Lab. Law § 663, Plaintiff is entitled to recover his unpaid minimum wages, an additional equal amount as liquidated damages, prejudgment interest, reasonable attorneys' fees and costs, and all other relief allowed by law.

## COUNT II
## NYLL OVERTIME VIOLATIONS
**(N.Y. Lab. Law §§ 650 *et seq.* and 663; 12 N.Y.C.R.R. § 142-2.2)**

67. Plaintiff repeats and realleges each preceding allegation as though fully set forth herein.

68. Plaintiff worked more than forty hours in numerous workweeks.

69. As an automobile salesperson subject to an exemption under Section 13 of the FLSA, Plaintiff was nevertheless entitled under 12 N.Y.C.R.R. § 142-2.2 to overtime compensation at one and one-half times the basic New York minimum hourly rate for each hour worked over forty.

70. Defendants failed to pay Plaintiff the required New York overtime compensation in multiple workweeks.

71. Defendants' overtime violations were willful and were not based on a good-faith belief that their compensation practices complied with the law.

72. Pursuant to N.Y. Lab. Law § 663, Plaintiff is entitled to recover his unpaid overtime compensation, an additional equal amount as liquidated damages, prejudgment interest,

reasonable attorneys' fees and costs, and all other relief allowed by law, without duplicative recovery of the same underpayment awarded under Count I.

## COUNT III
## FLSA RETALIATION
### (29 U.S.C. §§ 215(a)(3) and 216(b))

73. Plaintiff repeats and realleges each preceding allegation as though fully set forth herein.

74. The FLSA prohibits an employer from discharging or otherwise discriminating against an employee because the employee filed a complaint or otherwise asserted rights under or related to the FLSA.

75. Plaintiff engaged in protected activity by repeatedly complaining to Defendants about unpaid wages and overtime compensation and by requesting payment of the wages he reasonably and in good faith believed federal wage law required.

76. Defendants knew of Plaintiff's protected activity because Plaintiff made the complaints directly to Defendants and/or their managers and agents.

77. Defendants subjected Plaintiff to adverse employment actions by suspending him, terminating his employment, and/or refusing to reinstate him.

78. Defendants took those adverse actions because Plaintiff complained about Defendants' wage practices and asserted protected wage-and-hour rights.

79. The close temporal proximity between Plaintiff's latest complaint and his termination, together with the circumstances alleged above, establishes a causal connection and supports an inference of retaliatory intent.

80. Defendants' conduct violated 29 U.S.C. § 215(a)(3), and the violation was willful.

81. Under 29 U.S.C. § 216(b), Plaintiff is entitled to all appropriate legal and equitable relief, including reinstatement or front pay, lost wages and benefits, an additional equal amount as liquidated damages, compensatory damages, reasonable attorneys' fees and costs, and all other relief necessary to effectuate the purposes of the FLSA's anti-retaliation provision.

## COUNT IV
## NYLL RETALIATION
### (N.Y. Lab. Law § 215)

82. Plaintiff repeats and realleges each preceding allegation as though fully set forth herein.

83. NYLL § 215 prohibits an employer, its agents, corporate or limited-liability-Dealership officers, and any other person from discharging, threatening, penalizing, discriminating against, or otherwise retaliating against an employee because the employee complained that the employer engaged in conduct the employee reasonably and in good faith believed violated the NYLL.

84. Plaintiff engaged in protected activity by complaining to Defendants about unpaid wages, minimum wages, and New York overtime compensation and requesting that Defendants correct those violations.

85. Plaintiff reasonably and in good faith believed that Defendants' practices violated the NYLL. His complaints did not need to identify a statutory section to receive protection.

86. Defendants knew of Plaintiff's protected activity.

87. Defendants suspended, terminated, and/or refused to reinstate Plaintiff because he complained about their wage practices and asserted rights protected by the NYLL.

88. Defendants' retaliation was willful and violated N.Y. Lab. Law § 215.

89. Plaintiff is entitled to all relief authorized by N.Y. Lab. Law § 215, including lost compensation, reinstatement or front pay, compensatory damages, mandatory liquidated damages, reasonable attorneys' fees and costs, and appropriate injunctive and other relief.

## DEMAND FOR JURY TRIAL

90.     Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff respectfully demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in his favor and against Defendants, jointly and severally where permitted, and award the following relief:

A. Declare that Defendants violated the FLSA and the NYLL as alleged herein;

B. Award Plaintiff all unpaid minimum wages and New York overtime compensation in an amount to be determined at trial;

C. Award Plaintiff liquidated damages equal to one hundred percent of his unpaid NYLL wages, as authorized by N.Y. Lab. Law § 663;

D. Award Plaintiff prejudgment interest on his NYLL wage damages and post-judgment interest on the full judgment at the rates provided by law;

E. Award Plaintiff all wages, salary, commissions, benefits, and other compensation lost as a result of Defendants' retaliation;

F. Order Plaintiff's reinstatement with restored seniority and benefits or, if reinstatement is impracticable, award front pay in lieu of reinstatement;

G. Award an additional amount equal to Plaintiff's lost wages as liquidated damages under 29 U.S.C. § 216(b);

H. Award the mandatory liquidated damages available under N.Y. Lab. Law § 215, in addition to the other remedies permitted by that section;

I. Award compensatory damages, including damages for emotional distress and other non-economic harm, and punitive damages to the extent permitted by law;

J. Award Plaintiff his reasonable attorneys' fees, costs, and disbursements;

K. Grant appropriate declaratory, injunctive, and equitable relief to prevent and remedy further retaliation; and

L. Grant such other and further relief as the Court deems just and proper.

Dated: Jamaica, New York
      July 31, 2026

                                    Respectfully submitted,

                                    **SAGE LEGAL LLC**

                                    By: */s/ Emanuel Kataev, Esq.*
                                    Emanuel Kataev, Esq.
                                    18211 Jamaica Avenue
                                    Jamaica, NY 11423-2327
                                    (718) 412-2421 (office)
                                    (718) 489-4155 (facsimile)
                                    (917) 807-7819 (cellular)
                                    emanuel@sagelegal.nyc

                                    *Attorneys for Plaintiff*
                                    *Juan Pena*