UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JUAN PENA,

Plaintiff,

-against-

ISLAND AUTOMALL, LLC d/b/a EASTCHESTER CERTIFIED MOTORS and JOHN FRANTZIS,

Defendants.

Case No.: 7:26-cv-06574-KMK

**ANSWER**

Defendants, ISLAND AUTOMALL, LLC d/b/a EASTCHESTER CERTIFIED MOTORS and JOHN FRANTZIS, by and through their attorneys, LABONTE LAW GROUP, PLLC, as and for their Answer against plaintiff, JUAN PENA's, Complaint, hereby asserts the following:

**NATURE OF THE ACTION**

1. Deny the allegations contained in paragraph "1" of plaintiff's Complaint and respectfully refer all questions of the law to the Court.

2. Deny the allegations contained in paragraph "2" of plaintiff's Complaint except admit that plaintiff was employed as an automobile salesperson from approximately March 4, 2024 through August 2, 2024 at Defendants' dealership located in Eastchester, New York.

3. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "3" of plaintiff's Complaint and respectfully refer all questions of the law to the Court.

4. Deny the allegations contained in paragraphs "4", "5", "6" and "7" of plaintiff's Complaint

## JURISDICTION & VENUE

5. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs “8”, “9”, “10”, “13”, “16” and “17” of plaintiff’s Complaint and respectfully refer all questions of the law to the Court.

6. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs “11”, “14” and “15” of plaintiff’s Complaint

7. Deny the allegations contained in paragraph “12” of plaintiff’s Complaint.

## PARTIES

8 Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs “18”, “20”, “21” and “22” of plaintiff’s Complaint.

9. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs “19” except admit that ISLAND AUTOMALL, LLC, is a New York limited liability company doing business as EASTCHESTER CERTIFIED MOTORS and has a place of business located at 541 White Plains Road, Eastchester, New York 10709.

10. Deny the allegations contained in paragraphs “23” and “24” of plaintiff’s Complaint.

## FACTUAL ALLEGATIONS

### A. Plaintiff’s Employment and Compensation

11. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs “25”, “26”, “27”, “28”, “29” and “34” of plaintiff’s Complaint.

12. Admit the allegations contained in paragraphs “30” and “31” of plaintiff’s Complaint.

13. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs "32" and "33" of plaintiff's Complaint and respectfully refer all questions of the law to the Court.

14. Deny the allegations contained in paragraphs "35", "36", "37", "38", "39" and "40" of plaintiff's Complaint.

15. Paragraph "41" contains statements to which no response is required. To the extent a response is required, answering Defendants deny all allegations contained in paragraph "41" of plaintiff's Complaint

**B. Plaintiff's Protected Wage Complaints**

16. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "42" of plaintiff's Complaint.

17. Deny the allegations contained in paragraphs "43", "44", "45", "46", "47", "48", "49" and "50" of plaintiff's Complaint.

**C. Defendants' Retaliation and Plaintiff's Termination**

18. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs "51" of plaintiff's Complaint.

19. Deny the allegations contained in paragraphs "52", "53", "54", "55", "56", "57", "58" and "60" of plaintiff's Complaint.

20. Deny the allegations contained in paragraph "59" of plaintiff's Complaint and respectfully refer all questions of the law to the Court.

**COUNT I**
**FLSA & NYLL MINIMUM-WAGE VIOLATIONS**
**(29 U.S.C. § 206, N.Y. Lab. Law §§ 650 *et seq.* and 663)**

21. As to paragraph "61" of plaintiff's Complaint, Defendants repeat their answers to the allegations contained in the preceding paragraphs as if fully set forth herein.

22. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "62" of plaintiff's Complaint and respectfully refer all questions of the law to the Court.

23. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "63" of plaintiff's Complaint.

24. Deny the allegations contained in paragraphs "64" and "65" of plaintiff's Complaint.

25. Deny the allegations contained in paragraph "66" of plaintiff's Complaint and respectfully refer all questions of the law to the Court.

**COUNT II**
**NYLL OVERTIME VIOLATIONS**
**(N.Y. Lab. Law §§ 650 *et seq.* and 663; 12. N.Y.C.R.R. § 142-2.2)**

26. As to paragraph "67" of plaintiff's Complaint, Defendants repeat their answers to the allegations contained in the preceding paragraphs as if fully set forth herein.

27. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "68" of plaintiff's Complaint.

28. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "69" of plaintiff's Complaint and respectfully refer all questions of the law to the Court.

29. Deny the allegations contained in paragraphs "70" and "71" of plaintiff's Complaint.

30. Deny the allegations contained in paragraph "72" of plaintiff's Complaint and respectfully refer all questions of the law to the Court.

**COUNT III**
**FLSA RETALIATION**
**(29 U.S.C. §§ 215 (a)(3) and 216 (b))**

31. As to paragraph "73" of plaintiff's Complaint, Defendants repeat their answers to the allegations contained in the preceding paragraphs as if fully set forth herein.

32. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "74" of plaintiff's Complaint and respectfully refer all questions of the law to the Court.

33. Deny the allegations contained in paragraphs "75", "76", "77", "78" and "79" of plaintiff's Complaint.

34. Deny the allegations contained in paragraphs "80" and "81" of plaintiff's Complaint and respectfully refer all questions of the law to the Court.

**COUNT IV**
**NYLL RETALIATION**
**(N.Y. Lab. Law § 215)**

35. As to paragraph "82" of plaintiff's Complaint, Defendants repeat their answers to the allegations contained in the preceding paragraphs as if fully set forth herein.

36. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "83" of plaintiff's Complaint and respectfully refer all questions of the law to the Court.

37. Deny the allegations contained in paragraphs "84", "86" and "87" of plaintiff's Complaint.

38. Paragraph "85" contains statements to which no response is required. To the extent a response is required, answering Defendants deny all allegations contained in paragraph "85" of plaintiff's Complaint

39. Deny the allegations contained in paragraphs "88" and "89" of plaintiff's Complaint and respectfully refer all questions of the law to the Court.

**DEMAND FOR JURY TRIAL**

40. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "90" of plaintiff's Complaint and respectfully refer all questions of the law to the Court.

**PRAYER FOR RELIEF**

41. Defendants deny that plaintiff is entitled to any relief requested in the prayer for relief clause of the Complaint or any other relief.

**AS AND FOR FIRST AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred for failure to state a cause of action upon which relief can be granted.

**AS AND FOR SECOND AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred to the extent they were not filed within the relevant statutes of limitation.

**AS AND FOR THIRD AFFIRMATIVE DEFENSE**

At all times relevant hereto, the Defendants acted in good faith, with reasonable grounds for believing that plaintiff was exempt from or otherwise paid in compliance with the overtime

requirements of the Fair Labor Standards Act ("FLSA") and the New York Labor Law, and did not violate any rights which may be secured to plaintiff under the FLSA, the New York Labor Law, or under any law, rule or regulation and, *inter alia*, are not liable for liquidated damages.

**AS AND FOR FOURTH AFFIRMATIVE DEFENSE**

Payments to plaintiff were made in good faith and in conformity with and in reliance on an administrative regulation, order, ruling, approval, interpretation, administrative practice, and/or enforcement policy of the United States Department of Labor and/or New York State Department of Labor.

**AS AND FOR FIFTH AFFIRMATIVE DEFENSE**

Plaintiff is barred from recovery because he failed to mitigate his alleged damages.

**AS AND FOR SIXTH AFFIRMATIVE DEFENSE**

Upon information and belief, Defendants, at all-relevant times, acted in good faith and reasonable and appropriate care.

**AS AND FOR SEVENTH AFFIRMATIVE DEFENSE**

The injuries or damages alleged to have been sustained by plaintiff were not proximately caused by any acts or omissions on the part of Defendants or any of its authorized representatives.

**AS AND FOR EIGHTH AFFIRMATIVE DEFENSE**

Defendants conformed with applicable laws, rules, regulations, and statutory interpretations.

**AS AND FOR NINTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred or should be reduced, in whole or in part, by exclusions, exceptions, credits, recoupment or offsets permissible under the FLSA and New York Labor Law.

**AS AND FOR TENTH AFFIRMATIVE DEFENSE**

All claims are barred in whole or in part to the extent that the work performed falls within exemptions, exclusions, exceptions, or credits provided for in Sections 7 or 13 of the FLSA, 29 U.S.C. §207 and 29 U.S.C. §213 of the FLSA or any other exemption set forth in the FLSA or New York Labor Law.

**AS AND FOR ELEVENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims should be reduced and/or barred in whole or in part, due to the doctrines of unclean hands, estoppel, release and/or waiver.

**AS AND FOR TWELFTH AFFIRMATIVE DEFENSE**

If plaintiff has been damaged as alleged in his Complaint, upon information and belief, such damages were caused, in whole or in part, or were contributed to/by a breach, omissions, act, carelessness, negligence or want of care on the part of plaintiff.

**AS AND FOR THIRTEENTH AFFIRMATIVE DEFENSE**

Defendants have insufficient knowledge or information on which to form a belief as to whether they may have additional, as yet unstated affirmative defenses available. Defendants therefore reserve the right to assert additional affirmative defenses in the event discovery indicates that they may be appropriate.

**WHEREFORE**, Defendants, ISLAND AUTOMALL, LLC d/b/a EASTCHESTER CERTIFIED MOTORS and JOHN FRANTZIS, respectfully request that this Court enter judgment in their favor and dismiss the Complaint of plaintiff, JUAM PENA, in its entirety with prejudice and award Defendants costs, including, attorneys' fees together with such other and further relief as the Court deems just and proper.

Dated: Jericho, New York
October 27, 2026

Respectfully submitted,

LABONTE LAW GROUP, PLLC

*/s/ Rick C. Kim*

Rick C. Kim, Esq.
*Attorneys for Defendants, ISLAND AUTOMALL, LLC d/b/a EASTCHESTER CERTIFIED MOTORS and JOHN FRANTZIS*
333 Jericho Turnpike, Suite 200
Jericho, New York 11753
(516) 280-8580
rkim@labontelawgroup.com

To: Emanuel Kataev, Esq.
SAGE LEGAL LLC
*Attorney for Plaintiff, JUAN PENA*
18211 Jamaica Avenue
Jamaica, New York 11423-2327
(718) 412-2421
*Via ECF*